## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONWIDE AIRLINES (PTY) LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | No. 3:04 CV 00768 (MRK) |
| | : | |
| | : | |
| AFRICAN GLOBAL, LTD., NEIL | : | |
| ATKINSON d/b/a AFRICAN GLOBAL, | : | |
| LTD., ATKINSON ASSOCIATES, INC., | : | |
| d/b/a AFRICAN GLOBAL, LTD., NEIL | : | |
| ATKINSON, Individually, and | : | |
| ANNETTE ATKINSON, Individually, | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

On February 14, 2007, the Court issued its Memorandum of Decision [doc. # 100] and

Judgment [doc. # 101], following a bench trial of the claims in this case. Currently pending before

the Court is Plaintiff's Amended Motion to Amend Findings of Fact and to Amend the Judgment

Pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure [doc. # 104] ("Plaintiff's

Amended Motion to Amend")[1], and Defendant's Motion to Amend Findings of Fact and To Amend

the Judgment Pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure [doc. # 105]

("Defendant's Motion to Amend"). The Court GRANTS IN PART and DENIES IN PART Plaintiff's

---

[1] Plaintiff originally filed a Motion to Amend Findings of Fact and to Amend the Judgment Pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure [doc. # 102], which was amended and superceded by Plaintiff's Amended Motion to Amend. The Court therefore DENIES AS MOOT Plaintiff's Motion to Amend Findings of Fact and to Amend the Judgment Pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure [doc. # 102].

Amended Motion to Amend [doc. #104], and DENIES Defendant's Motion to Amend [doc. # 105].

**1**.    Plaintiff's Amended Motion to Amend [doc. #104] contends that the Court erred in awarding Defendant Atkinson Associates lost profit damages of $62,408, plus pre-judgment interest, for breach of the termination provisions of the GSA Agreement. *See* Mem. of Decision at 54-55. In relevant part, the Court's Memorandum of Decisions stated as follows:

> By breaching the notice and cure provisions of the GSA Agreement, Nationwide deprived Atkinson Associates of the ability to earn profits on sales of Nationwide tickets from early February to the termination of the GSA Agreement in April. Mark Harrison, Atkinson Associates's damages expert, testified that Atkinson Associates's lost profits for this period totaled $62,408. *See also* Defs.' Ex. 532. The Court found Mr. Harrison's testimony to be credible and well-founded. In closing argument, counsel for Nationwide sought to raise a host of mathematical objections to Mr. Harrison's figure. Notably, however, counsel for Nationwide never raised these objections at trial and never gave Mr. Harrison an opportunity to address them. Accordingly, the Court credits the figure provided by Mr. Harrison. . . Since Connecticut's "case law unequivocally supports awarding lost profits as an element of compensatory damages for general breach of contract claims," *Ambrogio v. Beaver Pond Rd.*, 267 Conn. 148, 155 (2003), the Court finds that Atkinson Associates is owed $62,408 for Nationwide's breach of the termination provisions of the GSA Agreement.

*Id.* at 53-54. Plaintiff Nationwide Airlines LTD ("Nationwide") asks the Court to amend its judgment because Mr. Harrison's figure of $62,408 was for the period up to April 30, 2004 and the Court had previously ruled that Nationwide had properly terminated the GSA Agreement as of April 10, 2004. Nationwide also points out, among other things, that Mr. Harrison's figure included prejudgment interest, and thus the use of his figure, *plus* prejudgment interest would lead to double counting. Atkinson Associates does not contest that Mr. Harrison's figures included prejudgment interest and extended to April 30. Instead, Atkinson Associates argues that the Court should nevertheless leave the lost profits damages at $62,408 because Mr. Harrison's figures understated Atkinson Associates' losses.

The Court agrees with Nationwide that Mr. Harrison's lost profit figures extend to April 30, 2004, beyond the termination of the GSA Agreement, which the Court concluded was effective as of April 10, 2004. Also, apparently, Mr. Harrison's figure already includes prejudgment interest. Therefore, the Court believes that it should amend its decision and judgment to reduce the lost profits awarded, *plus* prejudgment interest, to $48,383.49. The Court arrives at this amount by taking Mr. Harrison's total of $62,408 and dividing it by 89 (the number of days from February 2, 2004 through April 30, 2004) and then multiplying that figure by 69 (the number of days from February 2, 2004 through April 10, 2004).

Nationwide argues that even that figure is without support and is speculative, but the Court disagrees for the reasons stated in its Memorandum of Decision. The Court also points out that Nationwide had in its possession (or could have obtained from its agent) the exact figures for sales and profits in the February to April period. While Nationwide had no burden regarding Atkinson Associates' damages, Nationwide can hardly attack Atkinson's figures as unduly speculative when Nationwide had at its disposal the means to accurately identify the precise sales and profit figures but chose not to introduce that evidence. The Court concludes that Mr. Harrison's figures are sufficient to allow the court to award lost profits damages with reasonable certainty. *See Message Ctr. Mgmt. Inc. v. Shell Oil Prods. Co.*, 85 Conn. App. 401, 421 (2004) ("[D]amages related to future lost profits cannot be calculated with mathematical certainty. . . . Mathematical exactitude in proof often is impossible.").

**2.**    In its Motion to Amend, Atkinson Associates takes issue with the Court's disposition of its tortious interference claim. Rather than seeking to correct a mathematical calculation, as Nationwide's motion sought, Atkinson Associates' motion is more in the nature of a motion for

reconsideration. The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotation marks omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (citing 18 Charles Alan Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981)).

Here, Atkinson Associates seriously mischaracterizes various rulings of the Court with which it disagrees and then simply repeats arguments it has previously made, unsuccessfully, in an apparent attempt to see if the Court will change its mind. The Court sees no basis to reconsider its ruling. Accordingly, the Court will deny Atkinson Associates' motion and leave it to its appellate rights.

In sum, the Court DENIES AS MOOT Plaintiff's Motion to Amend Findings of Fact and to Amend the Judgment Pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure [doc. # 102], DENIES Defendant's Motion to Amend [doc. # 105], and GRANTS IN PART and DENIES IN PART Plaintiff's Amended Motion to Amend [doc. #104]. The Court amends its findings, particularly its Conclusion ¶ 3, *see* Mem. of Decision [doc. #100] at 55, and its Judgment

¶ 3, *see* Judgment [doc. # 101], to award Atkinson Associates on its First Counterclaim against Nationwide the aggregate sum of $48,383.49, which includes any prejudgment interest provided by law.  In all other respects, the Court's findings and Judgment will remain unchanged.

IT IS SO ORDERED,


/s/ _____Mark R. Kravitz_____
United States District Court


Dated at New Haven, Connecticut: **April 20, 2007**